

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 15 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK GREEN and PATRICK HURST,**　　　　　　　　　　　　　　　**PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

vs.　　　　　　　　　　　　No. 4:20-cv-_1236 - SWW_

**GP DELIVERY SERVICE, INC.,**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**
**and GREGORY PIERCE**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Deere_

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Derrick Green and Patrick Hurst (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants GP Delivery Service, Inc., and Gregory Pierce (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

**I.　PRELIMINARY STATEMENTS**

1.　This is a collective action brought by Plaintiffs, each individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.　Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per week.

## II.    JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Arkansas, operating and managing a delivery service.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. Defendant employed Plaintiffs in Pulaski County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

7. Plaintiff Derrick Green ("Green") is an individual and resident of Pulaski County.

8. Plaintiff Patrick Hurst ("Hurst") is an individual and resident of Pulaski County.

9. Separate Defendant GP Delivery Service, Inc. ("GPDS"), is a domestic, for-profit corporation.

10. GPDS's registered agent for service of process is Gregory Pierce, at 316 Independence Drive, Hot Springs, Arkansas 71913.

11. Separate Defendant Gregory Pierce ("Pierce") is an individual and resident of Arkansas.

## IV.   FACTUAL ALLEGATIONS

12. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Pierce is a principal, director, officer, and/or owner of GPDS.

14. Pierce took an active role in operating GPDS and in the management thereof.

15. Pierce, in his role as an operating employer of GPDS, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedules, and made decisions regarding Plaintiffs' pay, or lack thereof.

16. Pierce, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedules, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

17. Pierce acted as the employer of Plaintiffs and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18. GPDS acted as the employer of Plaintiffs and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as vehicles and fuel.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

22. Defendants operate a contracting delivery service for FedEx to deliver packages.

23. At all relevant times herein, Defendants were "employers" of Plaintiffs within the meaning of the FLSA.

24. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

25. Green worked for Defendants as a Delivery Driver from October of 2012 until approximately 2017, and as a Route Manager from approximately 2017 until September of 2020.

26. Hurst worked for Defendants as a Delivery Driver from approximately March of 2020 until August of 2020.

27. Throughout Plaintiffs' employment with Defendant, Defendant paid them a day rate.

28. Defendant also employed other workers who were paid a day rate ("Day Rate Employees").

29. At all relevant times herein, Defendants directly hired Day Rate Employees to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. At all times material herein, Plaintiffs and other Day Rate Employees have been entitled to the rights, protections and benefits provided under the FLSA.

31. Defendants paid Green $125.00 per day while he was a Delivery Driver and $150.00 per day while he was a Route Manager.

32. Defendants paid Hurst $125.00 per day.

33. Other Day Rate Employees were paid the same or similar day rates as Plaintiffs.

34. Plaintiffs and other Day Rate Employees were paid a flat day rate regardless of how many hours they worked in a day.

35. Plaintiffs regularly worked more than forty hours per week.

36. Upon information and belief, other Day Rate Employees regularly or occasionally worked more than forty hours in a week.

37. Green estimates he worked between twelve to fourteen hours per day, six or seven days per week.

38. Hurst estimates he worked between twelve to thirteen hours per day, six or seven days per week.

39. Upon information and belief, other Day Rate Employees had similar schedules and worked a similar number of hours as Plaintiffs.

40. Defendants did not pay Plaintiffs or other Day Rate Employees an overtime premium for hours worked over forty per week.

41. Defendants paid Plaintiffs and other Day Rate Employees a weekly bonus of approximately $75.00–$200.00 based on job performance.

42. Defendants repeatedly told Plaintiffs and other Day Rate Employees that they were not paid a salary.

43. Plaintiffs and other Day Rate Employees were not paid for days they did not work. In other words, their pay was docked when they worked fewer hours.

44. As a Route Manager, Green regularly worked hours for which he was not paid. Specifically, every night, Green had to work on the computer to help coordinate routes and shipments for the following day(s).

45. Green estimates that he worked at least two (2) and up to nine (9) hours off the clock each night as a Route Manager which went unrecorded and uncompensated.

46. Defendants knew or should have known that Green was working additional hours off-the-clock for which he was not compensated.

47. At all relevant times herein, Defendants have deprived Plaintiffs and other Day Rate Employees of proper overtime compensation for all the hours worked over forty (40) per week.

48.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

49.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as Day Rate Employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorneys' fees.

50.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52.     Plaintiffs propose the following class under the FLSA:

**All day rate employees in the past three years.**

53.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They were paid on a day-rate basis;

B.  They were not paid an overtime premium for all hours worked in excess of forty (40) per week;

C.  They regularly worked more than forty (40) hours per week; and

D.  They had the same or similar job duties.

54.  Plaintiffs are unable to state the exact number of the class but believe that the class exceeds twenty (20) persons.

55.  Defendants can readily identify the members of the Section 16(b) class, which encompasses all Day Rate Employees who worked within the relevant time period.

56.  The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

57.  Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

58.  Plaintiffs assert these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59.  At all relevant times, Defendants have been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

63. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

64. Defendants' failure to pay Plaintiffs all overtime wages was willful.

65. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

66. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Plaintiffs, each individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendants have been an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

70. Defendants misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

71. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

72. Defendants willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

74. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

76. At all times relevant to this Complaint, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Defendants classified Plaintiffs as non-exempt from the requirements of the AMWA.

78. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

79. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked and an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

80. Defendants' failure to pay Plaintiffs wages owed was willful.

81. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Derrick Green and Patrick Hurst, each individually and on behalf all others similarly situated, respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E. Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F. An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DERRICK GREEN and PATRICK HURST, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK GREEN and PATRICK HURST,**  **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.   No. 4:20-cv-____

**GP DELIVERY SERVICE, INC.,**   **DEFENDANTS**
**and GREGORY PIERCE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a day-rate worker for GP Delivery Service, Inc., and Gregory Pierce within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Derrick Green*
**DERRICK GREEN**
October 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK GREEN and PATRICK HURST,**  **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.   No. 4:20-cv-____

**GP DELIVERY SERVICE, INC.,**  **DEFENDANTS**
**and GREGORY PIERCE**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as a day-rate worker for GP Delivery Service, Inc., and Gregory Pierce within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**PATRICK HURST**
October 15, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**