IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERRICK GREEN and PATRICK HURST,**            **PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

vs.                       No. 4:20-cv-1236-BRW

**GP DELIVERY SERVICE, INC.,**                  **DEFENDANTS**
**and GREGORY PIERCE**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

COME NOW Plaintiffs Derrick Green and Patrick Hurst, and Defendants GP Delivery Service, Inc., and Gregory Pierce, by and through their undersigned counsel, and jointly submit the following Joint Motion for Approval of Liability Settlement:

1. Plaintiffs initiated this action on October 15, 2020, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq. *See* ECF No. 1. Plaintiffs alleged that they were not properly paid for all hours worked, which resulted in overtime violations. *Id.*

2. Defendants dispute that Plaintiffs were not compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed. Defendants also dispute that Plaintiffs were employees engaged in interstate commerce as defined by the FLSA and AMWA. Finally, Defendants dispute that Plaintiffs were improperly classified. As such, bona fide disputes of Plaintiffs' claims exist.

Page 1 of 6
Derrick Green, et al. v. GP Delivery Service, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW
Joint Motion for Approval of Liability Settlement

3. The parties engaged in discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of their claims against Defendants as well as Defendants' defenses thereto.

4. Following extensive negotiations between counsel, the parties have entered into a Stipulated Compromise, Settlement, and Release Agreement (Settlement Agreement) for Plaintiffs resolving the litigation of their claims for back wages and all other relief in full and requesting dismissal of the claims with prejudice. A copy of the Settlement Agreement is attached hereto as <u>Exhibit A</u>.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the Settlement Agreement.  Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.*  The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

Page 2 of 6
Derrick Green, et al. v. GP Delivery Service, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW
Joint Motion for Approval of Liability Settlement

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

6. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of job duties, pay records, and other files by experienced counsel representing both parties. Additionally, counsel for the Defendants deposed the Plaintiffs. The parties then engaged in settlement negotiations at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

7. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendants' defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiffs have specifically considered the potential value of their own claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation.

8. Defendants' initial settlement offer was in the amount of $3,900 for Green and $690 for Hurst. These offers were declined, and Plaintiffs' counsel provided Defendants with a spreadsheet that set forth Plaintiffs' calculated maximum damages, as attached hereto as <u>Exhibit B</u>. Plaintiffs' counsel calculated Green's maximum lost wage damages to be $42,519.72 and Hurst's to be $2,791.37. Defendants' counsel then

Page 3 of 6
Derrick Green, et al. v. GP Delivery Service, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW
Joint Motion for Approval of Liability Settlement

deposed both Plaintiffs, establishing several issues with Plaintiffs' claims, and later served Plaintiffs with another offer of settlement, with $4,500 to be paid to Green and $4,882.70 to Hurst. *See* attached Exhibit C. Based on the below information and despite the aforementioned maximum damages, Plaintiffs' counsel determined these amounts to be a fair compromise.

9. For purposes of negotiations regarding Plaintiffs' damages, Plaintiffs' counsel used the following metrics: Plaintiffs allege that they were paid a day rate of $125.00 as delivery drivers and $150.00 as a route manager, regardless of how many hours they actually worked. To determine their alleged damages, Plaintiffs' counsel multiplied their weekly pay by hours worked to arrive at their regular rate for each week. Plaintiffs' counsel then multiplied the regular rate by .5 to arrive at their overtime premium, which was then multiplied by the number of overtime hours each week they allege were not compensated with an overtime premium.

10. Under the terms of the settlement, Hurst is receiving 100% of his calculated maximum lost wage damages, as well as an additional 75%. While he is not receiving his full liquidated damages amount, this compromise is justified due to Defendants' position that a significant amount of Hurst's employment was covered by the Motor Vehicle Act exemption. Defendants were prepared to offer evidence as to this defense, including the weight of the vehicles Hurst drove.

11. As evidenced by the settlement offer attached hereto as Exhibit C, Defendants' position was that the entirety of Green's employment was exempt from the overtime requirements of the FLSA. Defendants were prepared to bring a summary judgment motion as to Green's job duties which, if successful, would have foreclosed any

Page 4 of 6
Derrick Green, et al. v. GP Delivery Service, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW
Joint Motion for Approval of Liability Settlement

opportunity to recover overtime wages. Based on information that arose during formal and informal discovery regarding the job duties of Green, Plaintiffs' counsel believed that a well-drafted summary judgment motion had around an 85% chance of success. Green's settlement amount takes this risk into account, as well as the fact that Green had no documentation to support his represented overtime hours worked.

12. The attorneys' fees and costs to be paid to Plaintiffs' counsel have not yet been discussed and will be negotiated entirely separate from the amount to be paid to Plaintiffs. Accordingly, Plaintiffs' attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Agreement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiffs will file a petition for fees and costs within 21 days of the entry of an Order approving the attached agreement. Under these circumstances, the settlement is fair, reasonable, and adequate.

WHEREFORE, Plaintiffs and Defendants request that the Court enter an order approving the Settlement Agreement.

Page 5 of 6
Derrick Green, et al. v. GP Delivery Service, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW
Joint Motion for Approval of Liability Settlement

        Respectfully submitted,

        **DERRICK GREEN and PATRICK**
        **HURST, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        Lydia H. Hamlet
        Ark. Bar No. 2011082
        lydia@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**  **GP DELIVERY SERVICE, INC. and**
    **GREGORY PIERCE, DEFENDANTS**

        GILL RAGON OWEN, P.A.
        425 West Capitol Avenue, Suite 3800
        Little Rock, Arkansas 72201
        Telephone: (501) 376-3800
        Facsimile: (501) 372-3359

        Danielle W. Owens
        Ark. Bar No. 2009192
        dowens@gill-law.com

        */s/ Dylan H. Potts*
        Dylan H. Potts
        Ark. Bar No. 2001258
        potts@gill-law.com

**Page 6 of 6**
**Derrick Green, et al. v. GP Delivery Service, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-1236-BRW**
**Joint Motion for Approval of Liability Settlement**